UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>LANCELOT INVESTORS FUND, L.P., *et al.*,<br><br>Debtor. | Chapter 7<br><br>Case No. 08-28225, et al.<br>(Jointly Administered)<br><br>Adv. No. 12-00715 |
| RONALD R. PETERSON, as Chapter 7 Trustee for Lancelot Investors Fund, L.P., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>HANS IMHOF, WELLS L. MARVIN, THE RUSSELL ELDON HATLE AND LORRAINE LOUISE HATLE REVOCABLE TRUST, THE L. HATLE TRUST, DATED DECEMBER 30, 1991, JEFFREY WOLFER, KEVIN WOLFER, GREGG WOLFER, AND KENNEDY FUNDING, INC.,<br><br>Defendants. | **DEFENDANTS HANS IMHOF, WELLS L. MARVIN, THE RUSSELL ELDON HATLE AND LORRAINE LOUISE HATLE REVOCABLE TRUST, AND THE L. HATLE TRUST, DATED DECEMBER 30, 1991's MOTION TO WITHDRAW THE BANKRUPTCY COURT REFERENCE**<br><br>JURY TRIAL DEMANDED<br><br>Complaint filed:  April 27, 2012<br>Trial Date:       None set. |

**DEFENDANTS HANS IMHOF, WELLS L. MARVIN, THE RUSSELL ELDON
HATLE AND LORRAINE LOUISE HATLE REVOCABLE TRUST,
AND THE L. HATLE TRUST, DATED DECEMBER 30, 1991's
<u>MOTION TO WITHDRAW THE BANKRUPTCY COURT REFERENCE</u>**

## I. INTRODUCTION

This matter should *not* be heard in the Bankruptcy Court. Instead, this adversary proceeding, involving state law claims filed against eight defendants wholly unrelated to the underlying *Lancelot* bankruptcy case, should be heard by an Article III court. *See Stern v. Marshall*, 131 S. Ct. 2594, 2069 (2011) ("Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process," and that the "presumption is in favor of Art. III courts.").

The Bankruptcy Code allows for withdrawal of the reference for cause, and in this case, ample cause exists. 28 U.S.C. § 157(d); Bankr. Local Rule 9015-1(A). As an initial matter, cause to withdraw the reference exists because Movants demand a jury trial under the Seventh Amendment and do not consent to trial in the Bankruptcy Court. *In re Metro. Plant & Flower, Inc.*, 1997 WL 638454 at *4 (N.D. Ill. Sept. 30, 1997) ("Cause … automatically exists in cases where the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment.").

Further cause to withdraw the reference exists because this proceeding is non-core. *See K&R Express Sys., Inc. v. LaSalle Bank Nat'l Ass'n (In re K&R Express Sys., Inc.)*, 382 B.R. 443, 446 (N.D. Ill. 2007) (key factor in determining "cause" to withdraw the reference is "whether a proceeding is core or non-core"). None of the defendants in this adversary proceeding have filed claims in the *Lancelot* bankruptcy case.

More importantly, the Complaint *concedes* that two of the three causes of action asserted against Movants are non-core. (Compl., ¶ 4.) The third cause of action, pled in the alternative, is time-barred based on its face and does not transform the non-core nature of this proceeding. *See* 11 U.S.C. § 549(d)(1).

Finally, judicial economy, convenience, and efficiency favor withdrawal of the reference. The Bankruptcy Court has not yet taken any action regarding this adversary proceeding. Indeed, it would be a waste of judicial resources for the Bankruptcy Court to do so, given that the Bankruptcy Court may only make a recommendation that the District Court would then need to review *de novo*. 28 U.S.C. § 157(c)(1).

For all these reasons, and as set forth below, Movants respectfully request that this Court withdraw the reference in this instance.

## II. PROCEDURAL POSTURE

Plaintiff Ronald R. Peterson (the "Trustee") recently filed this adversary proceeding on behalf of KD8, LLC ("KD8"). This adversary proceeding has only the most tenuous connection to the *Lancelot* bankruptcy case. None of the defendants in this proceeding have had any involvement in the *Lancelot* bankruptcy and the claims asserted here sound primarily in contract. Yet the Trustee wishes to pull Hans Imhof, Wells L. Marvin, The Russell Eldon Hatle and Lorraine Louise Hatle Revocable Trust, and The L. Hatle Trust, Dated December 30, 1991 (collectively, the "Clearwater Guarantors"), as well as several other defendants associated with Kennedy Funding, Inc. ("Kennedy"), into the *Lancelot* bankruptcy, where the Trustee seeks to recover tens of millions of dollars.

This Motion is the first pleading filed by the Clearwater Guarantors in response to the Trustee's Complaint.

## III. FACTUAL BACKGROUND

On October 26, 2007, Kennedy (a New Jersey-based corporation) entered into a Loan and Security Agreement (the "Loan Agreement") with Clearwater Development, Inc. (a Colorado-based corporation).[1] (Compl., ¶ 12.) On that same date, Clearwater Development executed a $47,142,500 promissory note (the "Note") in favor of Kennedy. (Compl., ¶ 13.) KD8 was not then, and is not now, a signatory or identified party to either the Loan Agreement or the Note. (Exhibits 1 and 2 to Complaint.)

Also on October 26, 2007, the Clearwater Guarantors executed a guaranty of the loan (the "Guaranty"). (Compl., ¶ 14, Exhibit 3 to Complaint.) KD8 was not then, and is not now, a party or signatory to the Guaranty. (Exhibit 3 to Complaint.)

None of the "Co-Lenders" described by the Trustee were identified parties or signatories to the Loan Agreement,[2] the Note, or the Guaranty. (*Id*.) Indeed, neither KD8 nor any other "Co-Lenders" could have been parties to these agreements, given that the Co-Lenders Agreement was not executed by anyone until November 16, 2007, several weeks *after* the Loan Agreement, Note, and Guaranty had all been negotiated, documented, and executed. (Compl., ¶ 16.)

---

[1] The Clearwater Guarantors strenuously dispute the merits of the claims asserted against them. That said, most of the facts necessary for adjudication of this Motion are largely undisputed and are set forth within the Complaint.

[2] Schedule D to the Loan Agreement, titled "Lenders," is blank. (Exhibit 1 to Complaint.)

On July 17, 2009, Kennedy and the Clearwater Guarantors entered into a Modification of the Guaranty. (Compl., ¶ 23.) The Modification of Guaranty revised the rights and obligations of the only parties to the Guaranty (Kennedy and the Clearwater Guarantors). (Exhibits 3 and 6 to Complaint.) At the time the Modification of Guaranty was executed, none of the Clearwater Guarantors knew of KD8's existence, let alone the interests in the Loan and/or Guaranty KD8 now claims to hold.

The Complaint seeks more than $23,000,000 from the Clearwater Guarantors. (Compl., p. 10.) Further, KD8 asserts that Kennedy did not obtain the consent of the "Co-Lenders" prior to executing the Modification of Guaranty. (Compl., ¶ 34.) Therefore, according to KD8, the Modification of Guaranty is, "as to the Trustee, of no legal effect whatsoever, and the Guaranty therefore remains in full force and effect as to the Trustee." (Compl., ¶ 24.) Obviously, the Clearwater Guarantors dispute this claim.

The Complaint alleges three causes of action against the Clearwater Guarantors: (1) breach of contract (the Guaranty, to which KD8 is neither a signatory nor a party); (2) declaratory relief regarding the Modification of Guaranty (another agreement to which KD8 is neither a signatory nor a party); and (3) avoidance of the Modification of Guaranty as a post-petition transfer under 11 U.S.C. § 549. (Compl., ¶ 1.)

## IV. THE CLEARWATER GUARANTORS ARE CONSTITUTIONALLY ENTITLED TO HAVE THIS DISPUTE ADJUDICATED BY AN ARTICLE III JUDGE

United States District Courts possess original jurisdiction over all civil proceedings arising under the Bankruptcy Code. 28 U.S.C. § 1334(b). In this jurisdiction, all such proceedings are initially referred to the Bankruptcy Court, which has

Case 2:12-cv-05337-JM-MF Document 1 Filed 06/12/12 Page 6 of 14 PageID: 6
Case 2:12-cv-05337-JM-MF Document 1 Filed 06/12/12 Page 6 of 14 PageID: 6
Document    Page 6 of 14

the authority to decide "core" matters arising under, or related to, bankruptcy cases. 28 U.S.C. § 157; *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 951 (7th Cir. 1996). But Section 157 prohibits the Bankruptcy Court from entering final judgment in non-core matters. 28 U.S.C. § 157(c)(1). Where, as here, state law claims are asserted with only a tenuous connection to the underlying Bankruptcy case, the presumption is in favor of the matter being decided by an Article III court. *See Stern v. Marshall*, *supra*, 131 S. Ct. at 2069 (rejecting the constitutionality of the bankruptcy court's ability to make a final judgment on the state law counterclaim, stating that "Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process," and that the "presumption is in favor of Art. III courts.").

The initial reference of cases to the Bankruptcy Court may be withdrawn where, as here, a party demonstrates "cause." 28 U.S.C. § 157(d); Bankr. Local Rule 9015-1(A). This court has broad discretion in determining whether to withdraw a reference based on cause. *See In re Sevko, Inc.*, 143 B.R. 114, 115 (N.D. Ill. 1992). Here, cause to withdraw the reference exists because: (1) the Clearwater Guarantors are entitled to, and have demanded, a jury trial and do not consent to such jury trial being administered by the Bankruptcy Court; and (2) this proceeding, centered on state law claims for breach of contract, is essentially a non-core matter.

A.  **This Court Should Withdraw The Reference Because The Clearwater Guarantors Have Demanded A Jury Trial And Are Constitutionally Entitled To Have Such Jury Trial Adjudicated By An Article III Court**

Cause to withdraw the reference exists because the Clearwater Guarantors are entitled to a jury trial under the Seventh Amendment and have demanded one. *See In re Metro*, *supra*, 1997 WL 638454 at *4 ("Cause … automatically exists in cases where the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment."); *Peachtree Lane Assocs. Ltd. v. Granader*, 175 B.R. 232, 235 (N.D. Ill. 1994) (cause "automatically exists" when the action is "non-core" and the movant has a right to a jury trial).

A Bankruptcy Court cannot conduct a jury trial unless all parties consent. *In re Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992) ("Where a jury trial is required by the Seventh Amendment, that trial must be held in the district court, sitting in its original jurisdiction in bankruptcy."); *Novak v. Lorenz (In re Novak)*, 116 B.R. 626, 627 (N.D. Ill. 1990) (granting motion to withdraw reference based upon defendant's jury demand); *In re Cinematronics, Inc.*, 916 F.2d 1444, 1452 (9th Cir. 1990) (refusal to withdraw the reference was an abuse of discretion given a party's assertion of its right to jury trial). Indeed, both the Local Bankruptcy Rules and Section 157 require consent of all parties before a Bankruptcy Court may conduct a jury trial. Bankr. Local Rule 9015-1(B) ("any bankruptcy judge designated to conduct a jury trial may conduct such a trial … only upon the consent of all parties"); 28 U.S.C. § 157(e) ("bankruptcy judge may conduct the jury trial … with the express consent of all the parties"). In this case the

Clearwater Guarantors do not consent to the Bankruptcy Court administering a jury trial over multi-million dollar claims asserted against them.

To determine whether a party is entitled to a jury trial, courts apply a two-step analysis. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). The first inquiry is whether the action would traditionally have been brought in a court of law or equity, while the second inquiry is whether the remedy sought is legal or equitable in nature. *See id*. Courts balance the two inquiries, giving greater weight to the second. *Id. See also K&R Express Sys., Inc., supra,* 382 B.R. at 447-488.

Here, the Clearwater Guarantors are entitled to a jury trial on the issue at the heart of this dispute — the breach of contract claim. Breach of contract claims are actions at law. *See, e.g., Cont'l Cas. Co. v. Commonwealth Edison Co.,* 286 Ill.App.3d 572, 579 (1997). Further, the Trustee seeks a legal remedy from the Clearwater Guarantors — money damages of approximately $23 million. (Compl., p. 10.) Where, as here, the primary claim is an action at law and the primary remedy sought is money damages, the defendant is entitled to a jury trial. *See K&R Express Sys., Inc., supra,* 382 B.R. at 448 (in adversary proceeding brought by Chapter 7 trustee alleging claims including breach of contract, the court granted the motion to withdraw the reference because, in part, the Seventh Amendment entitled the defendant to a jury trial where the trustee sought money damages, a legal remedy).

Further, the Clearwater Guarantors do not consent to the Bankruptcy Court conducting the jury trial to which they are Constitutionally entitled. *See* Bankr. Local Rule 9015-1(B); 28 U.S.C. § 157(e). Instead, the Clearwater Guarantors have invoked

their Seventh Amendment right to a jury trial in an Article III court. For this reason alone, withdrawal of the reference is appropriate. *See In re Keck*, 2001 WL 292559 at * 3 (N.D. Ill. March 19 2001) (granting motion to withdraw the reference based upon the defendant's right to a jury trial in a case involving common law causes of action for breach of contract, malpractice, and negligence).

### B. The Non-Core Nature Of The Trustee's Claims Against The Clearwater Guarantors Favors Withdrawal Of The Reference

Among the factors central to determining "cause" to withdraw the reference is "whether a proceeding is core or non-core." *See K&R Express Sys., Inc., supra,* 382 B.R. at 446. This issue is paramount because "efficiency, uniformity and judicial economy concerns are largely subsumed within" the core/non-core determination. *See id*. Specifically, in non-core matters the Bankruptcy Court may only make recommendations subject to *de novo* review by the District Court. 28 U.S.C. § 157(c)(1). Therefore, where a matter is determined to be non-core, efficiency, uniformity and judicial economy often favor having the District Court hear the case in the first instance, rather than having initial review by the Bankruptcy Court, followed by duplicative *de novo* review:

> As a non-core proceeding, the bankruptcy court's decision will be subject to de novo review in this Court. 28 U.S.C. § 157(c)(1). We find, therefore, that it is a more efficient use of judicial resources for this Court to decide this case in the first instance.

*Coe-Truman Tech., Inc. v. U.S. (In re Coe-Truman Tech., Inc.)*, 214 B.R. 183, 187 (N.D. Ill. 1997) (granting in part motion to withdraw reference).

The Trustee concedes that the Complaint's first two causes of action are non-core. (Compl., ¶ 4.) Indeed, state law claims for breach of contract are essentially

"the definition" of non-core proceedings. *See Northern Pipeline*, *supra*, 458 U.S. at 71-72 (holding that the Bankruptcy Reform Act's broad grant of jurisdiction to Bankruptcy Judges violated Article III, and stating that the appellant's "right to recover contract damages to augment its estate is 'one of private right, that is, of the liability of one individual to another under the law as defined'"); *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183 (1997) (holding that breach of contract claims have consistently and traditionally been found to be non-core, granting withdrawal of the reference due to non-core nature of proceeding); *In re Keck*, *supra*, 2001 WL 292559 at * 3 ("This District has consistently found state law claims that are connected to a bankruptcy case are non-core."). The Trustee's state law breach of contract claim, the heart of this case and possessing only the most marginal connection to the *Lancelot* bankruptcy case, renders this lawsuit non-core. *See K&R Express Sys., Inc., supra,* 382 B.R. at 447 ("[n]on-core proceedings are those only marginally related to the bankruptcy, which often are state law causes of action").

The Trustee's common law breach of contract claim and equitable claim for declaratory relief regarding the enforceability of a contract are both claims within the "protected core" of Article III judicial power — the Clearwater Guarantors are Constitutionally entitled to have these claims adjudicated by an Article III court. *See Northern Pipeline*, *supra*, 458 U.S. at 71-72 (suit at common law or in equity was at the "protected core" of Article III judicial power). *See also Stern v. Marshall*, *supra*, 131 S. Ct. at 2069 ("When a suit is made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789' … and is brought within the bounds of

federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts.") (internal citations omitted).

Further evidence of the non-core nature of the Trustee's claims against the Clearwater Guarantors stems from the fact that the Clearwater Guarantors are in no way involved with the underlying *Lancelot* bankruptcy case. *See Northern Pipeline*, *supra*, 458 U.S. at 71-72 (bankruptcy courts could not adjudicate to final judgment a breach of contract claim filed by a Chapter 11 debtor against an entity not otherwise part of the bankruptcy proceedings). The Clearwater Guarantors have not even filed a proof of claim in the *Lancelot* bankruptcy case.

Moreover, the Trustee has previously agreed not to oppose motions to withdraw the reference in adversary proceedings stemming from the *Lancelot* bankruptcy case where, as here, the Trustee asserted state law claims against non-debtors. *See* Trustee's Response to Motion of Defendant Winston & Strawn, LLP to Withdraw the Reference, Case No. 11-C-02601 (Doc. 5, p. 3) ("the Trustee has no objection to Defendant's motion to withdraw the reference"). And, the Trustee filed at least one adversary proceeding related to the *Lancelot* bankruptcy case in the District Court for the Northern District of Illinois at the outset, *sub silencio* conceding that certain non-core claims against non-debtors are properly heard by Article III courts. *See Ronald R. Peterson v. Katten Muchin Rosenman LLP*, N.D. Ill. Case No. 12-cv-03393.

The Trustee may argue that the third cause of action asserted against the Clearwater Guarantors (for avoidance of an (alleged) post-petition transfer under 11 U.S.C. § 549) is a core proceeding. (Compl., ¶ 5 (asserting that the third cause of

action is a core proceeding).) The Court should note that the Trustee asserts the third cause of action as an alternative argument, to be raised if and when the Modification of Guaranty is held to be effective and conditions of the Modification of Guaranty are found to have been met. (Compl., ¶ 48 ("In the event that the Court finds that (a) the Modification of Guaranty is effective as to the Trustee and (b) all conditions thereunder to the release of the Clearwater Guarantors from the Guaranty obligations have been met, the Trustee desires to avoid the transfer.").) As this demonstrates, the Trustee's Section 549 claim is **ancillary** to this proceeding and should not be deemed to transform the nature of this case from non-core to core.

More importantly, the Trustee's Section 549 claim is deficient on its face. The Trustee properly notes that the Modification of Guaranty was executed on July 17, 2009. (Compl., ¶ 23; Exhibit 6 to Complaint.) According to the Trustee, the execution of the Modification of Guaranty "constituted a transfer of property of KD8's estate to the Clearwater Guarantors." (Compl., ¶¶ 44-45.) Assuming *arguendo* that the modification of a Guaranty to which KD8 was *not* a party could "constitute[] a transfer of property of KD8's estate to the Clearwater Guarantors," the Trustee's Section 549 claim is barred by the applicable two-year statute of limitations applicable to that claim. *See* 11 U.S.C. § 549(d)(1) ("An action or proceeding under this section may not be commenced after the earlier of … two years after the date of the transfer sought to be avoided."). Because the Modification of Guaranty was executed on July 17, 2009, the Trustee's Section 549 claim, filed April 27, 2012, is time-barred.

C.  **Efficiency, Convenience, and Judicial Economy Favor Withdrawing The Reference**

Considerations of efficiency, convenience and judicial economy also favor withdrawing the reference. *See In re Emerald Casino*, *Inc.*, 467 B.R. 128, 135 (N.D. Ill. 2012) (when determining whether to withdraw reference, courts may consider judicial economy, convenience, and conservation of resources). This case has just begun. No discovery has been propounded and no Rule 26 conference has even been scheduled. In point of fact, the Bankruptcy Court has not taken any action relating to this adversary proceeding. Indeed, it would be a waste judicial resources for the Bankruptcy Court to do so, given that the Bankruptcy Court may only make a recommendation that the District Court would then need to review *de novo*. 28 U.S.C. § 157(c)(1). Considerations of judicial economy, convenience, and conservation of resources all favor withdrawing the reference now, before either the Courts' or the parties' resources are wasted. *See Coe-Truman Tech., Inc.*, *supra*, 214 B.R. at 187 (because non-core proceeding would be subject to *de novo* review if heard by Bankruptcy Court, it was a more efficient use of judicial resources for the District Court to decide the matter in the first instance).

V.  **CONCLUSION**

For all the foregoing reasons, the Clearwater Guarantors respectfully request that this Court withdraw, for all purposes, the reference of this adversary proceeding to the Bankruptcy Court.

Dated: June 12, 2012

      /s/ *Brian M. Graham*
BRIAN M. GRAHAM (Ill. Bar No. 6243015)
BRYAN E. MINIER (Ill. Bar No. 6275534)
Pedersen & Houpt
161 North Clark Street, Suite 3100
Chicago, Illinois 60601
312-261-2170
312-261-1170 fax
bgraham@pedersenhoupt.com
bminier@pedersenhoupt.com

AARON J. MALO (*Pro hac vice* pending)
BRIAN B. FARRELL (*Pro hac vice* pending)
Sheppard, Mullin, Richter & Hampton, LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
714-513-5100
714-513-5130 fax
amalo@smrh.com
bfarrell@smrh.com

Attorneys for Defendants Hans Imhof, Wells L. Marvin, The Russell Eldon Hatle and Lorraine Louise Hatle Revocable Trust, and The L. Hatle Trust, Dated December 30, 1991