NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD R. PETERSON,** as Chapter 7 Trustee for Lancelot Investors Fund, L.P., *et al.*,<br><br>        **Plaintiff,**<br><br>   v.<br><br>**HANS IMHOF, WELLS L. MARVIN, THE RUSSELL ELDON HATLE AND LORRAIN LOUIS  HATLE REVOCABLE TRUST, THE L. HATLE TRUST, DATED DECEMBER 30, 1991, JEFFREY WOLFER, KEVIN WOLFER, GREGG WOLFER, and KENNEDY FUNDING, INC.,**<br><br>        **Defendants.** | Docket No.: 13-cv-537<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the court on a motion by Plaintiff Ronald Peterson ("Plaintiff" or "Trustee"), in his capacity as Chapter 7 Trustee for Lancelot Investors Fund, L.P. and other entities, including KD8, LLC ("KD8"). Plaintiff's motion seeks dismissal of Counterclaims I, II, and III asserted against the Trustee and KD8 by Defendants Hans Imhof, Wells L. Marvin, The Russell Eldon Hatle and Lorrain Louis Hatle Revocable Trust, and The L. Hatle Trust, Dated December 30, 1991 (collectively, the "Clearwater Guarantors" or "Guarantor Defendants"). The was no oral argument. L. Civ. R. 78.1(b). For the reasons set for the below, the motion is hereby **GRANTED**.

1

## I.    BACKGROUND

### A. Loan to Clearwater Development

Counterclaim Defendant KD8 is one of 18 related entities whose Chapter 7 bankruptcy is being jointly administered under the caption *In Re Lancelot Investors Fund, L.P.* in the United States Bankruptcy Court for the Northern District of Illinois. Amended Complaint at ¶ 15.  KD8 was one of several lenders ("the Co-Lenders") who entered into a Loan and Security Agreement ("the Loan and Security Agreement") with Clearwater Development, Inc.  ("Clearwater Development").  *Id.* at ¶ 18.  Kennedy Funding acted as the agent for the Co-Lenders in executing the Loan and Security Agreement with Clearwater Development.  *Id.* at ¶ 18.

The Loan and Security Agreement was executed on October 26, 2007, with a loan amount of $47,142,500 (the "Loan").  *Id.* at ¶ 18, Ex. 2.  The Loan was secured by certain real estate of Clearwater Development.  Amended Complaint, Ex. 1 § 4(a). Concurrently with the execution of the Loan and Security Agreement, the Guarantor Defendants executed a guaranty of the Loan (the "Guaranty"), pursuant to which they collectively guaranteed a total of $23,000,000 of the Loan.  *Id.* at ¶¶ 20-21, Ex. 3.

### B. Default and Modification of Guaranty

Clearwater Development failed to pay amounts due on the Loan.  *Id.* at ¶ 33. At all times since January 2009, the Loan has been in default.  *Id.* at ¶ 33.

On July 17, 2009, the Clearwater Guarantors and Kennedy Funding entered into a Guaranty Modification.  *Id.* at ¶¶ 29-30, Ex. 6.  The Guaranty Modification purported to release the Guarantor Defendants from $23,000,000 of liability to the Co-Lenders, including KD8, in exchange for the payment of $500,000 and a promise to fund upkeep of the real estate (which served as collateral for the loan obligations) in the amount of not less than $3,000,000.  *Id.* at ¶ 29, Ex. 6.  On or about July 24, 2009, the Clearwater Guarantors paid Kennedy Funding $500,000 as a partial principal repayment of the Loan.  *Id.* at ¶ 31.

On April 18, 2011, Clearwater Development filed a voluntary petition for bankruptcy protection.  *Id.* ¶ 34.  The bankruptcy petition was an event of default

under the terms of the Loan and Security Agreement. *Id.* at ¶ 34, Ex. 1 § 10. As of April 28, 2011, Clearwater Development owed the Co-Lenders approximately $62.3 million in principal and interest. *Id.* at ¶ 35.

Plaintiffs filed this lawsuit on June 13, 2012. ECF No. 1. The Amended Complaint alleges that the Guaranty Modification is invalid. Specifically, it alleges that Kennedy Funding and the Clearwater Guarantors executed the Guaranty Modification in violation of terms spelled out in the Loan and Security Agreement and without KD8's authorization.

### C. Counterclaims

The Clearwater Guarantors filed an Answer and Counterclaim. ECF No. 82. In the Counterclaim, the Clearwater Guarantors allege that Kennedy Funding, acting as an agent of KD8, induced them to modify the Guaranty. They allege that, as a result of modifying the Guaranty, they have been damaged in the amount of $4,500,000, consisting of the $500,000 loan repayment and maintenance of the security real estate. The first three counterclaims allege fraud, negligent misrepresentation, and breach of contract against the Trustee and KD8.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."

*Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* at 678.

## III.   DISCUSSION

Resulting damages are an element of all three causes of action at issue in this motion.  *Banco Popular N. Am. V. Gandi*, 184 N.J. 161, 172-73 (2005) (listing the elements of a fraud claim); *Green v. Morgan Properties*, 215 N.J. 431, 457 (2013) (negligent misrepresentation); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (breach of contract).  The Counterclaim fails to state causes of action for fraud, negligent misrepresentation, or breach of contract because the Counterclaim fails to allege resulting damages.

There are only two possible outcomes to this case.  Either the Guaranty Modification is valid, or it is invalid.  If it is invalid, then the Clearwater Guarantors are liable to KD8 in amounts much greater than the $500,000 they allege to have paid pursuant to the Guaranty Modification.  If the Guaranty Modification is valid, as the Clearwater Guarantors believe it is, then the Clearwater Guarantors have suffered no damages either, since they would have simply abided by the terms of a contract to which they assented.

To the extent that the Clearwater Guarantors are alleging that they were damaged by expending money to maintain the security real estate, the allegation is not plausible.  Without further explanation, it is not plausible that an owner of real estate would allow its property to fall into disrepair.

Clearwater Guarantors argue that if the Guaranty Modification is found to be valid, then they have suffered damages in defending this litigation.  The Clearwater Guarantors cite no case law to support the proposition that the costs of litigation are damages.  The proposition is contrary to the American Rule that prevailing parties are not entitled to collect attorneys' fees unless authorized by statute or contract. *Polonski v. Trump Taj Mahal Associates*, 137 F.3d 139, 145 (3d Cir. 1998) (*citing Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters and Joiners,* 456 U.S. 717, 721 (1982)).  This argument is therefore rejected.

5

## IV.   CONCLUSION

For these reasons, the motion to dismiss the Counterclaims I, II, and III against the Trustee and KD8 is hereby **GRANTED**.  Counterclaims I, II, and III are dismissed without prejudice.  An appropriate order follows.


/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 30, 2014**